IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

                              ORDER

                              12-cr-18-wmc

     v.

JOSHUA A. SCHAAF,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Joshua Schaaf's supervised release was held on October 1, 2019, before U.S. District Judge William M. Conley. Assistant U.S. Attorney Dave Reinhard appeared for the government. The defendant was present in person and by counsel Erika Bierma. Also present was Senior U.S. Probation Officer Kris Kiel.

FACTS

From the record, I make the following findings of fact. The defendant was sentenced on July 20, 2012, following his conviction for unlawful possession of firearm in violation of 18 U.S.C. § 922(g)(1), a Class C felony. The defendant was committed to the custody of the Bureau of Prisons to serve a 78-month term of imprisonment, to be followed by a 36-month term of supervised release.

The defendant began his term of supervised release in the Western District of Wisconsin on July 2, 2018, following a period of prelease by the Bureau of Prisons to Rock Valley Community Programs in Janesville, Wisconsin. The defendant moved into an apartment with his then-girlfriend, Angel Height. At that time, he was also employed with a trucking company in Janesville. By November of 2018, however, the defendant was terminated from his employment

with the trucking company and moved to Madison, Wisconsin. In May 2019, he moved to Juneau, Wisconsin; in July 2019, he moved again to Mineral Point, Wisconsin; and then on August 23, 2019, he claimed residence with his mother in Madison, Wisconsin. During this period, the defendant has also held several jobs and is presently unemployed.

The defendant completely missed several urinalysis appointments since his supervision began, but he has had no positive drug tests until recently. Apparently, his illicit drug use began after his girlfriend, Ms. Heights, gave birth to his son, Atlas, in May 2019 and turned over custody to the defendant because of Ms. Height's mental health issues. Shortly thereafter, Child Protective Services took custody of Atlas due to allegations of the defendant's methamphetamine use, where he remains to this day. The defendant admitted to spiraling out of control in June 2019 when Ms. Height became engaged to his erstwhile best friend, Sylvan Moellers. The defendant's pending charge of disorderly conduct-domestic violence stems from Mr. Schaaf allegedly threatening Ms. Height and Mr. Moellers.

To his credit, the defendant has responded to text messages sent by his probation officer, but he does not follow through by keeping appointments, including drug testing appointments. Worse, during the early morning hours of September 5, 2019, the defendant allegedly went to his brother's home in Fitchburg, Wisconsin, asking for money and making verbal threats while allegedly holding a large wrench in his hand. According to the police report, Mr. Schaaf's brother protected himself from the defendant's attack and, in doing so, beat the defendant with the wrench. By the time officers had arrived, the defendant had fled the scene. Because the defendant's brother did not want to press charges, his probation officer contacted the defendant, who said he was physically and emotionally hurt. The defendant was then directed by his probation officer to report to the probation office later that day for placement in short-term residential drug treatment.

The defendant then violated Standard Condition No. 2, requiring him to report to the probation office as directed by his probation officer by failing to report as directed. His mother contacted the probation office on September 5, 2019, and stated she would bring the defendant to the probation office on September 6, 2019. The defendant also spoke to his probation officer and agreed to report on September 6, 2019. Still, again in violation of Standard Condition No. 2, the defendant failed to report as directed.

The defendant also violated his Mandatory Condition and Special Condition No. 4, which prohibits his illegal possession and use, respectively, of a controlled substance. Specifically, the defendant submitted urine specimens that tested positive for methamphetamine on August 8 and August 23, 2019. Both tests were confirmed positive by a national testing laboratory. He also failed to report for drug testing on August 12 and 26, October 13, and December 7 and 16, 2018; as well as January 16, March 26, August 7, 22 and 29, and September 4 and 5, 2019.

The defendant's criminal history score falls within Criminal History Category VI. With a Grade B violation, he has an advisory guideline range of imprisonment of 21 to 27 months, however, the statutory maximum to which the defendant can be sentenced upon revocation is two years based on his conviction for a Class C felony. Title 18 U.S.C. § 3583(h) authorizes another term of supervised release to follow imprisonment if supervised release is revoked. The maximum term that can be re-imposed is 36 months, less any term of imprisonment imposed upon revocation.

## CONCLUSIONS

Consistent with the comments by the Probation Officer, AUSA, Defense Counsel, and Defendant, the court will enter the interim order appearing below.

ORDER

In light of the discussion at today's hearing, IT IS ORDERED that the defendant is to be RELEASED from custody under the existing conditions of his current term of supervised release and is to participate in inpatient substance abuse treatment under Special Condition No. 2 as designated by the Probation Office. This hearing on the probation office's petition for judicial review, dated September 6, 2019, and signed by the court on that same day, is further SUSPENDED for 45 days, unless the probation office asks that it be held sooner due to additional violations by the defendant. Should defendant successfully complete the inpatient substance abuse program, the court would entertain a stipulation for a further suspension of this hearing, at which point a decision will be made as to whether another hearing is necessary or the motion may be dismissed.

Entered this 1st day of October, 2019.

BY THE COURT:

WILLIAM M. CONLEY
District Judge