IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

          Plaintiff,

                                        ORDER

                                        12-cr-18-wmc-01

    v.

JOSHUA SCHAAF,

          Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A continued hearing on the probation office's September 6, 2019, petition for judicial review of Joshua Schaaf's supervised release was held on January 30, 2020, before U.S. District William Conley. Assistant U.S. Attorney Aaron Wegner appeared for the government. Defendant was present in person and by defense counsel Erika Bierma. Supervising U.S. Probation Officer Kristin E. Kiel was also present.

FACTS

From the record, I make the following findings of fact. On July 18, 2012, defendant was sentenced following his conviction for felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1), a Class C felony. Defendant was sentenced to a custodial sentence of 78 months to be followed by three years of supervised release. Defendant began his term of supervised release on July 2, 2018. On October 1, 2019, the defendant first appeared before the court on the pending petition for violations of: Standard Condition No. 2, requiring him to report to the probation office, which occurred repeatedly; and (2) Mandatory Condition and Special Condition No. 4, prohibiting his illegal possession and

1

use of a controlled substance, methamphetamine, as well as repeated failures to report for drug testing. All of these violations are set forth in detail in the court's October 1, 2019, order. At that time, the court ordered the defendant to complete an inpatient substance abuse program and suspended the hearing on the probation office's petition.

Since then, the defendant has successfully completed the substance abuse program, although not without incident, and has undergone psychiatric and psychological treatment and managed to avoid relapse to use of methamphetamine. Even so, since his last court appearance defendant's sweat patches dated December 26, 2019, and January 7, 2020, have both been confirmed positive for marijuana by the national laboratory, although the court is advised his test was negative today. Worse, because the defendant has refused to consider use of psychotropic medications, both his mental health advisors believe further treatment is pointless.

In addition, although it involves misconduct that predates and was known before the October 1st hearing, the defendant has now been charged in Iowa County, Wisconsin, Circuit Court Case No. 19CM347 with violating a confidential/child abuse report and bail jumping. An arraignment on that matter is scheduled for February 25, 2020. For related misconduct, defendant has also been charged in Iowa County Circuit Court Case No. 19CM342 with making a false emergency call, for which an arraignment is also scheduled for February 25, 2020. Finally, defendant has been charged in Iowa County Circuit Court Case No. 19CF173 with stalking, with a status conference scheduled for February 25, 2020.

## CONCLUSIONS

After reviewing the written submissions of the probation office and considering the arguments of the parties, including defendant's statements, I find that revocation is not appropriate at this time. I want to advise the defendant that his compliance is mandatory. Further violations will be reported to the court and the parties. It is also ordered that the defendant be returned to court in approximately 90 days to assess his adjustment and for a status update on his pending state charges.

## ORDER

IT IS ORDERED that defendant's term of supervised release is continued. He should be returned to court in approximately 90 days.

Entered this 31st day of January, 2020.

BY THE COURT,

_____
WILLIAM M. CONLEY
District Judge