IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,

                                              ORDER
                                              12-cr-18-wmc-1
     v.

JOSHUA SCHAAF,
                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A continued hearing on the probation office's petition for judicial review of Joshua Schaaf's supervised release was held on July 23, 2020, before U.S. District William Conley. The proceedings were held virtually, and the following individuals participated: Assistant U.S. Attorney David Reinhard appeared for the government; Mr. Schaaf appeared with defense counsel Erika Bierma; Supervising U.S. Probation Officer Kristin E. Kiel was also present.

FACTS

      From the record, I make the following findings of fact. On July 18, 2012, defendant was sentenced to a custodial sentence of 78 months to be followed by three years of supervised release following his conviction for felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1), a Class C felony. Defendant's term of supervised release began on July 2, 2018, and had been rocky to say the least.

      Defendant violated Standard Condition No. 2 requiring that he report to the probation officer as directed, by failing to report to the probation office on July 31, August 22 and 29, September 4 and 5, 2019, as directed. He also violated the mandatory condition that he not commit another federal, state, or local crime, having been charged in

1

Iowa County, Wisconsin, Circuit Court Case No. 19CM347 with violating confidential/child abuse report and bail jumping. This case is scheduled for a plea/sentencing hearing on September 9, 2020. Defendant has been charged in Iowa County Circuit Court Case No. 19CM342 with false emergency call. This case is also scheduled for a plea/sentencing on September 9, 2020. Finally, defendant was further charged in Iowa County Circuit Court Case No. 19CF173 with stalking, a case similarly scheduled for a plea/sentencing hearing on September 9, 2020.

Defendant next violated the mandatory conditions that he not illegally possess a controlled substance and Special Condition No. 4 that he abstain from the use of alcohol and illegal drugs when he submitted urine specimens that tested positive for methamphetamine on August 8 and 23, 2019. Defendant further failed to report for drug testing on August 13 and 26, October 13, December 7 and 16, 2018, and on January 16, March 26, August 7, 22, and 29, September 4 and 5, 2019.

Since his last court appearance, Mr. Schaaf has also been named as a defendant in Civil Case No. 20CV22 in Lafayette County Circuit Court, for which a judgement for $16,157.77 has been filed.

On the other hand, since the last court appearance, defendant has secured employment at Rock Road Companies as a journeyman laborer earning a significant wage. The defendant notes that this is the most money he has earned, and he is very motivated to continue this employment. Mr. Schaaf has also moved in with his girlfriend and her two minor sons in Argyle, Wisconsin, and is working on unsupervised placement with his one-year old son, named Atlas. Finally, the defendant reports regular sessions with a Human Services counselor seems to be helping him as well.

Given COVID-19, he has not been drug tested as frequently. Before Tuesday of this week, his last urinalysis test was taken by Iowa County Human Services regarding the placement of his son and was negative for controlled substances. Unfortunately, a urine test conducted on Tuesday by the Probation Office came back presumptively positive for methamphetamine and that office is awaiting laboratory results.

## CONCLUSIONS

After reviewing the written submissions of the probation office and considering the comments today by counsel, the probation officer and defendant, I find that revocation is not appropriate at this time as he has secured employment and continues to cooperate with family court regarding the placement of his minor son. However, defendant's full compliance with the terms and conditions of supervision is mandatory, as is complete honesty and transparency with his probation officer. Further violations will be reported to the court and the parties, and may result in an expedited hearing. Barring that, however, the defendant will be ordered be returned to court in approximately 90 days to assess his adjustment and for a status update on his pending charges.

## ORDER

IT IS ORDERED that defendant's term of supervised release is continued. He should be returned to court to revisit the pending petition in approximately 90 days.

Entered this 23rd day of July 2020.

BY THE COURT:

_____
WILLIAM M. CONLEY
District Judge